# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR163 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| LEE T. NEWELL, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 103) filed by the Defendant, Lee T. Newell. Newell's motion includes a request for leave to file his motion out of time. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

On April 20, 2009, Newell was sentenced to 240 months imprisonment after pleading guilty to Counts I and II of the Indictment charging him with: possessing with intent to distribute more than 50 grams or more of a mixture or substance containing a detectable amount of cocaine base (Count I); and criminal forfeiture (Count II). On direct appeal, the Eighth Circuit Court of Appeals affirmed this Court's Judgment. On October 4, 2010, the Supreme Court denied Newell's petition for certiorari. On November 1, 2011, Newell placed his § 2255 motion in the prison mailing system. Newell requests leave to file his motion out of time, arguing that his attorney, Assistant Federal Public Defender Julie

Hansen, failed to advise him of the deadline for filing his § 2255 motion. Newell attached to his motion a letter from Hansen dated October 21, 2010, following the denial of his petition for certiorari, in which Hansen told Newell that he had no further relief and she was closing his file.

The doctrine of equitable tolling is available in the context of a § 2255 motion "where 'extraordinary circumstances' beyond a prisoner's control prevent timely filing." *United States v. Martin,* 408 F.3d 1089, 1093 (8th Cir. 2005) (citations omitted). Hansen's representation of Newell ended with the denial of certiorari. Postconviction motions are filed pro se. Therefore, Hansen had no duty to inform Newell of his § 2255 filing deadline. Even assuming she had a duty to do so, a miscalculation of the deadline would not be considered an "extraordinary circumstance" for purposes of the equitable tolling doctrine. *Id.* Therefore, the equitable tolling doctrine does not apply in Newell's case, and his § 2255 motion is untimely.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 103);

2. Upon initial review, the Court summarily dismisses the Defendant's § 2255 motion as untimely;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 17th day of November, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge